Alden J. Parker, California State Bar No. 196808
Nathan H. Geronimo, California State Bar No. 264768
**WEINTRAUB GENSHLEA CHEDIAK**
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California   95814
Telephone:   916.558.6000
Facsimile:    916.446.1611

Attorneys for Defendant and Cross-Complainant
Buczek Enterprises, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD HURST,<br><br>      Plaintiff,<br><br>   vs.<br><br>BUCZEK ENTERPRISES, LLC, and DOES 1-25,<br><br>      Defendants.<br><br>AND RELATED CROSS-ACTION | Case No. **3:11-cv-01379-EMC**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FED. RULE. CIV. PROC. 26(f) DISCOVERY PLAN**<br><br>ORDER RESETTING STATUS CONFERENCE |

Plaintiff, Brad Hurst and Defendant Buczek Enterprises, LLC hereby submit the following Joint Case Management Conference Statement.

1. <u>**Jurisdiction and Service:**</u>  All necessary parties have been served.  This case was removed from the Alameda County Superior Court and is before this Court pursuant to its diversity jurisdiction as found in 28 U.S.C. 144(b).

2. <u>**Facts:**</u>

   a. <u>Plaintiff's Contentions:</u> Buczek Enterprises, LLC is a property preservation services company, which hires unlicensed workers to perform work on homes for which a State Contractor's license is required.  Plaintiff Brad Hurst alleges he was misclassified as an independent contractor by Buczek Enterprises, LLC and its predecessor Buczek Enterprises, Inc.,

and is asking for payment of unpaid wages, overtime, failure to provide meal and rest breaks, unreimbursed expenses and penalties under the California Labor Code.  Plaintiff Hurst also seeks attorneys' fees in an amount which has yet to be determined, as well as for an order enjoining defendant from its unlawful conduct.

      b.    <u>Defendant's Contentions:</u> Buczek Enterprises, LLC is a property preservation company, which utilizes independent contractors to perform its property preservation work.  Plaintiff alleges he was misclassified as an independent contractor, and seeks damages for unpaid wages, overtime, failure to provide meal and rest breaks, unreimbursed expenses and penalties under the California Labor Code.  Plaintiff also seeks attorneys' fees and an injunction against Defendant.

      Defendant Buzcek Enterprises, LLC seeks damages according to proof for breach of contract, and breach of implied covenant of good faith and fair dealing.  Defendant also seeks attorneys' fees and costs.

    3.    <u>Legal Issues:</u>

      a.    <u>Joint Contentions:</u> Plaintiff brings nine causes of action for Failure to Pay Wages Due and Owing under California labor Code §200 et seq., Failure to Pay Overtime Compensation under California Labor Code §§510, 1194, and 1198, Failure to Provide Meal and Rest Breaks under California Labor Code §226.7, Failure to Keep, Maintain and Furnish Accurate Wage Statements and Time Records under California Labor Code §§226 and 1174, Breach of Implied Covenant of Good Faith and Fair Dealing, Violation of California Labor Code §2802, Unfair Competition under California Business & Professions Code §17200, Civil Penalties pursuant to California Labor Code §§ 2698 and 2699, and Failure to Pay Minimum Wage under California Labor Code §§1197, 1197.1.  Defendant Buzcek Enterprises, LLC brings claims for breach of contract, and breach of implied covenant of good faith and fair dealing.

      The central legal issue related to these causes of action is whether Defendant misclassified Plaintiff as an independent contractor rather than an employee. Another threshold legal issue is whether defendant has standing to sue or defend a suit since it is not licensed to

1  do business under California law.

2    b. <u>Plaintiff's Contentions:</u> Another legal issue is whether California Business & Professions Code §2750.5 renders Plaintiff an employee as a matter of law because he performed work for which a contractor's license was required.  Other legal issues exist as to whether defendant has any viable affirmative defenses to its actions.

6   4. <u>Initial Disclosures:</u>  Plaintiff and Defendant have each made initial disclosures.

7   5. <u>Discovery:</u>  The parties have initiated some preliminary written discovery.  Some limited depositions are anticipated prior to the settlement conference.  Pursuant to Rule 26(f), the parties continue to affirm that the parties will conduct discovery consistent with the Federal Rules.

11   a. <u>Plaintiff's Contentions:</u>  Plaintiff proposes the following discovery plan and schedule: The Plaintiff estimates the time required for each deposition will exceed those time limits as set forth in Federal Rules of Civil Procedure, Rule 30.  Plaintiff anticipates taking no more than 9 depositions excluding experts.  In addition, Plaintiff proposes to serve no more than 65 individual interrogatories, 75 individual document requests, and 55 individual requests for admission.  In addition, documents will be subpoenaed from third parties as required.  Plaintiff does not request at this time any additional changes with regard to the limitations on discovery imposed by the federal rules of civil procedure or by local rules, except Plaintiff requests expert disclosures and expert discovery be made after the ruling by this Court on any motions for summary judgment brought by the parties.

21   b. <u>Defendant's Contentions:</u> Defendant seeks discovery concerning (a) Plaintiff's employment with Defendant; (b) Plaintiff's claims; (c) Plaintiff's alleged damages; (d) Plaintiff's failure to timely perform services in a good and reasonable workmanlike manner; (e) Plaintiff's breach of his duties to comply with all relevant laws, rules and regulations.

25    i. Defendant proposes the following discovery plan and schedule:

26    ii. Defendant estimates the time required for each deposition will exceed those limits as set forth in Federal Rules of Civil Procedure, Rule 30.

28    iii. Defendant anticipates taking no more than 10 depositions excluding

experts.

iv. Defendant proposes to serve no more than 55 special interrogatories, and 55 requests for production of documents.

v. Defendant proposes a non-expert fact discovery cut-off of February 29, 2012.

vi. Defendant does not request at this time any additional changes with regard to the limitations on discovery imposed by the Federal Rules or by Local rules.

6. <u>Settlement and ADR:</u>

The parties have a settlement conference scheduled for November 30, 2011, at 10:00 a.m. in Courtroom 17.

7. <u>Other Matters as may facilitate the just, speedy, and inexpensive disposition of this matter:</u>

None known.

Dated: October 31, 2011         WEINTRAUB GENSHLEA CHEDIAK
                                Law Corporation


                                By:    /s/: Alden J. Parker
                                       Alden J. Parker
                                       State Bar No. 196808

                                       Attorneys for Defendant and Cross-Complainant
                                       Buczek Enterprises, LLC



                                DUCKWORTH PETERS LEBOWITZ OLIVIER LLP


                                By:    /s/: Thomas E. Duckworth
                                       Thomas E. Duckworth
                                       Attorneys for Brad Hurst

IT IS SO ORDERED that the Status Conference set for 11/7/11 is reset for 12/16/11 at 10:30 a.m. An updated joint status report shall be filed by 12/9/11.

_____
Edward M. Chen
United States District Judge