**United States District Court**
For the Northern District of California

1

2

3

4

5                      UNITED STATES DISTRICT COURT

6                      NORTHERN DISTRICT OF CALIFORNIA

7

8   BRAD HURST,                                   No. C-11-1379 EMC

9              Plaintiff,

10         v.                                     **ORDER DISMISSING DEFENDANT'S**
                                                  **COUNTERCLAIMS WITHOUT**
11  BUCZEK ENTERPRISES, LLC,                      **PREJUDICE**

12             Defendant.
    _____/
13

14

15        On May 2, 2012, this Court issued an order granting in part and denying in part the parties'

16  cross-motions for summary judgment.  Docket No. 51.  The Court granted partial summary

17  judgment in favor of Plaintiff as to Defendant Buczek's standing to assert counterclaims absent

18  qualification to do business within the state under Cal. Corp. Code §§ 2015(a), 2203(c), finding "that

19  there is no genuine issue of fact as to whether Buczek conducts intrastate business in California."

20  *Id.* at 15.  However, in light of Defendant's representations to the Court at oral argument, the Court

21  conditionally recognized Defendant's counterclaims for purposes of Buczek's motion for summary

22  judgment instead of staying its claims.  *Id.* (citing *United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th

23  1732, 1740 (1996) ("Ordinarily, the matter should be stayed to permit the foreign corporation to

24  comply" with § 2203(c)).  The Court gave Defendant three weeks to complete the qualification

25  requirements.  *Id.*  However, more than six weeks have passed, and Defendant has yet to file

26  "receipts showing the payment of the fees and penalty and all franchise taxes and any other taxes on

27  business or property in this state that should have been paid for the period during which it transacted

28  intrastate business."  § 2203(c).

**United States District Court**
For the Northern District of California

1       In view of the imminent trial in this matter, including a pretrial conference in just over two

2  weeks and pretrial filings due June 19, 2012, Buczek's delay and failure to comply with the Court's

3  order precludes it from pursuing its counterclaims as part of this action.  Accordingly, the Court

4  hereby **DISMISSES** Buczek's counterclaims without prejudice for failure to comply with the

5  California Corporations Code. *See United Med.*, 49 Cal. App. 4th at 1740 ("If the foreign

6  corporation fails to comply, the matter should be dismissed without prejudice. A [counter-]plaintiff

7  whose action is dismissed on procedural grounds, such as noncompliance with statutory

8  requirements, is not precluded by the doctrine of res judicata from bringing a second action, subject

9  to the applicable statute of limitations, after compliance with the statute.").[1]  Although the dismissal

10  is without prejudice, Buczek shall not be granted leave to amend its counterclaims as part of this

11  action.

12       This order disposes of Docket No. 52.

14       IT IS SO ORDERED.

16  Dated:  June 18, 2012

18                         _____
                            EDWARD M. CHEN
                            United States District Judge

---

[1]  Although Plaintiff filed a proposed order granting summary judgment to Plaintiff on Buczek's counterclaims, Docket No. 52, the Court did not grant summary judgment on the merits of Buczek's counterclaims; rather, it merely granted summary judgment on the issue of whether Buczek had to comply with the California Corporations Code.  Thus, the appropriate remedy for failure to comply, under *United Med.*, *supra*, is to dismiss the counterclaims without prejudice.

2