UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD HURST, | No. C-11-1379 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING DEFENDANT'S COUNTERCLAIMS WITHOUT PREJUDICE** |
| BUCZEK ENTERPRISES, LLC, | |
| Defendant. _____/ | |

On May 2, 2012, this Court issued an order granting in part and denying in part the parties' cross-motions for summary judgment. Docket No. 51. The Court granted partial summary judgment in favor of Plaintiff as to Defendant Buczek's standing to assert counterclaims absent qualification to do business within the state under Cal. Corp. Code §§ 2015(a), 2203(c), finding "that there is no genuine issue of fact as to whether Buczek conducts intrastate business in California." *Id.* at 15. However, in light of Defendant's representations to the Court at oral argument, the Court conditionally recognized Defendant's counterclaims for purposes of Buczek's motion for summary judgment instead of staying its claims. *Id.* (citing *United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1740 (1996) ("Ordinarily, the matter should be stayed to permit the foreign corporation to comply" with § 2203(c)). The Court gave Defendant three weeks to complete the qualification requirements. *Id.* However, more than six weeks have passed, and Defendant has yet to file "receipts showing the payment of the fees and penalty and all franchise taxes and any other taxes on business or property in this state that should have been paid for the period during which it transacted intrastate business." § 2203(c).

In view of the imminent trial in this matter, including a pretrial conference in just over two weeks and pretrial filings due June 19, 2012, Buczek's delay and failure to comply with the Court's order precludes it from pursuing its counterclaims as part of this action. Accordingly, the Court hereby **DISMISSES** Buczek's counterclaims without prejudice for failure to comply with the California Corporations Code. *See United Med.*, 49 Cal. App. 4th at 1740 ("If the foreign corporation fails to comply, the matter should be dismissed without prejudice. A [counter-]plaintiff whose action is dismissed on procedural grounds, such as noncompliance with statutory requirements, is not precluded by the doctrine of res judicata from bringing a second action, subject to the applicable statute of limitations, after compliance with the statute.").[1] Although the dismissal is without prejudice, Buczek shall not be granted leave to amend its counterclaims as part of this action.

This order disposes of Docket No. 52.

IT IS SO ORDERED.

Dated: June 18, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[1] Although Plaintiff filed a proposed order granting summary judgment to Plaintiff on Buczek's counterclaims, Docket No. 52, the Court did not grant summary judgment on the merits of Buczek's counterclaims; rather, it merely granted summary judgment on the issue of whether Buczek had to comply with the California Corporations Code. Thus, the appropriate remedy for failure to comply, under *United Med.*, *supra*, is to dismiss the counterclaims without prejudice.