UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRAD HURST,

        Plaintiff,

    v.

BUCZEK ENTERPRISES, LLC,

        Defendant.
_____/

No. C-11-1379 EMC

**ORDER RE PARTIES' PRETRIAL FILINGS OF JUNE 19, 2012**

        The Court is in receipt of the parties' pretrial filings of June 19, 2012. Upon review of their materials, the Court notes certain problems with the parties' filings.

        First, this Court's Case Management Scheduling Order requires the parties, before filing their exhibit lists with the Court, to "meet and confer, *in person*, to consider exhibit numbers, to eliminate duplicate exhibits and confusion over exhibits, and to make a good faith effort to stipulate to admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a *legitimate (not tactical) objection*." Docket No. 18 at 5 ¶ 7 (emphasis added). The parties' exhibit list does not comply with the Court's order, as it lists blanket objections to, *e.g.*, authenticity, even for documents produced by the objecting party. *See* Docket No. 66, App. B. The fact that virtually every exhibit on the list contains the same blanket objections indicates that the parties have failed to meet and confer in good faith to eliminate unnecessary objections, as well as to stipulate to foundation, authenticity, and use of copies to the extent possible.

Therefore, the parties are directed to meet and confer *in person* and file a new exhibit list in compliance with the Court's order no later than **Wednesday, June 27, at 5 p.m.** Any insistence on objections to, *e.g.*, authenticity that prove to be meritless will be subject to sanctions. As to other bases for objections, the parties should take into account those documents used to show state of mind or knowledge as well as party admissions, and revise the exhibit list to remove those disputes that can be resolved. In addition, the revised list should more clearly state the purpose for which each exhibit is proposed and the proponent's response to the objections. If the parties cannot narrow the number of objections, each side shall choose the 15 objections on which they each want the Court to rule before trial, which will serve as guidance for all other objections.

Second, the parties' proposed jury instructions do not comply with the Court's order. Specifically, the Court stated:

> If disputed, each version of the instruction shall be inserted together, back to back, in their logical place in the overall sequence. A disputed instruction shall be identified as "Disputed Instruction No. ____ re _____ offered by _____," with the blanks filled in as appropriate. *All disputed versions of the same basic instruction shall bear the same number*. If a party does not have a counter-version and simply contends that no such instruction in any version should be given, then that party should so state on a separate page inserted in lieu of an alternate version. *Each party should support its version of a disputed instruction, and/or oppose the version offered by the opposing party, with a brief argument and citation to any relevant authority*. The argument and citation should be provided immediately following the disputed instructions. The parties are encouraged to keep disputed instructions to a minimum.

Case Management Scheduling Order at 7 ¶ 3 (emphasis added). Many of the parties' disputed instructions contain little or no helpful argument in support of and in opposition to the instruction. *See, e.g.*, Disputed Instruction No. 27 (containing no argument from either side); No. 28 (containing argument from only one side). These are simply two examples. In addition, it is not clear which, if any, of the disputed instructions have been offered as alternatives to each other or merely as additional disputed instructions to which the opposing party has no alternative. As the order instructs, alternative instructions should be labeled with the same number (*e.g.*, No. 28A and 28B). It is also unclear what the notation "Special Instruction" means. Finally, the parties do not appear to have made a good faith effort to resolve disputed instructions.

///

///

Accordingly, the parties are directed to meet and confer *in person* and file a new set of proposed jury instructions in compliance with the Court's order no later than **Wednesday, June 27, at 5 p.m.** The parties are directed to make a good faith effort to resolve disputed instructions to the extent possible. Where the parties are unable to resolve their disputes, they should so indicate and support their version of a disputed instruction, and/or oppose the version offered by the opposing party, with a brief argument and citation to any relevant authority.

IT IS SO ORDERED.

Dated: June 25, 2012

_____
EDWARD M. CHEN
United States District Judge